I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner ~~(OR PARTIES) AT~~ THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 1-23-14

DEPUTY CLERK



O

FILED
CLERK, U.S. DISTRICT COURT
JAN 23 2014
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY CLARENCE MINTON,<br><br>        Petitioner,<br><br>    vs.<br><br>CYNTHIA L. TAMPKINS,<br>Warden,<br><br>        Respondent. | Case No. EDCV 14-0108-JPR<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

On January 16, 2014, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his 2004 convictions and 13-year sentence in Riverside County Superior Court for various drug offenses. (Pet. at 2.) Petitioner's sole claim is that at one point during his trial, he was left in the courtroom with the jury while the court held an in camera conference in chambers with counsel, and he was prejudiced as a result because the bailiff stood near him with her hand on her gun, in full view of the jury; he further claims that the transcript of proceedings was altered to remove any reference to the in camera hearing. (Pet. at 4 & Attach. Mem.) Concurrently

with the Petition, Petitioner filed an Election Regarding Consent to Proceed Before a United States Magistrate Judge, voluntarily consenting to having a magistrate judge "conduct all further proceedings in this case," including "all dispositive . . . matters [and] entry of final judgment."[1]

Petitioner previously filed a habeas petition in this Court challenging the same convictions, which was denied on the merits. See Minton v. Almager, No. EDCV 07-0029-GW (OP), 2010 WL 4705135 (C.D. Cal. May 12, 2010), accepted by 2010 WL 4702352 (C.D. Cal. Nov. 10, 2010). Petitioner appealed to the Ninth Circuit Court of Appeals, which refused to issue him a certificate of appealability. See Minton v. Almager, No. 10-56879 (9th Cir. May 24, 2012) (order denying certificate of appealability). It does not appear that Petitioner has ever asked for or received permission from the Ninth Circuit to file a second or successive

---

[1] "Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Here, Petitioner is the only "party" to the proceeding and has consented to the jurisdiction of the undersigned U.S. Magistrate Judge; Respondent has not yet been served with the Petition and therefore is not a party to this action. See, e.g., Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." (internal quotation marks omitted)). Thus, all parties have consented pursuant to § 636(c)(1). See Wilhelm v. Rotman, 680 F.3d 1113, 1118-21 & n.3 (9th Cir. 2012) (holding that magistrate judge had jurisdiction to sua sponte dismiss prisoner's lawsuit under 42 U.S.C. § 1983 for failure to state claim because prisoner consented and was only party to action); Carter v. Valenzuela, No. CV 12-05184 SS, 2012 WL 2710876, at *1 n.3 (C.D. Cal. July 9, 2012) (after Wilhelm, finding that magistrate judge had authority to deny successive habeas petition when petitioner had consented and respondent had not yet been served with petition).

petition.

The Antiterrorism and Effective Death Penalty Act of 1996 provides, in 28 U.S.C. § 2244(b), as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The pending Petition is a second or successive petition within the meaning of § 2244(b) because it challenges the same judgment of conviction as Petitioner's earlier habeas petition, the denial of which was affirmed by the Ninth Circuit when it refused to grant him a certificate of appealability. Under § 2244(b)(3)(A), Petitioner therefore was required to secure an order from the Ninth Circuit authorizing the filing of his current Petition. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001). The cases and other authority cited by Petitioner in support of the merits of his claim are beside the point because this Court does not have jurisdiction to consider his Petition without the Ninth Circuit's prior authorization.

For the foregoing reasons, IT IS ORDERED that this action be summarily dismissed under Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts.[2]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 23, 2014      **JEAN ROSENBLUTH**
JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

---

[2] That rule states in pertinent part as follows: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."